```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF TEXAS
                  DALLAS DIVISION

CYNTHIA L. JOHNESE,            §
                               §
               Plaintiff,      §
                               § Civil Action No. 3:06-CV-0533-D
VS.                            §
                               §
JANI-KING, INC.,               §
                               §
               Defendant.      §
```

## MEMORANDUM OPINION
## AND ORDER

Plaintiff Cynthia L. Johnese ("Johnese") moves for leave to file a fourth amended complaint that adds a defendant. She contends under Fed. R. Civ. P. 15(c)(3) that the amendment should relate back to the filing of her complaint. For the reasons that follow,[*] the court grants the motion.

I

Johnese alleges that in April 2004 she applied for a corporate advisor position with defendant Jani-King, Inc. ("JK"). Several days after interviewing with JK Corporate Operations Director Nathan Zimring ("Zimring"), Johnese learned that she did not receive the job. She later filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging race, sex, and

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

age discrimination against JK.  She received her right to sue letter from the EEOC on September 1, 2005 and filed suit in this court on March 24, 2006.

Johnese contends that following extensive discovery, JK has only recently disclosed that she is suing the wrong defendant. According to JK's discovery responses, Jani-King International, Inc. ("JK International") was the employer from whom Johnese sought employment.  JK maintains that JK International is the proper defendant to, and subject of, this lawsuit.  Johnese therefore seeks leave to amend for the purpose of adding JK International as a defendant.

JK opposes Johnese's motion, contending that had Johnese exercised due diligence at the time she filed suit and during discovery, she would have recognized that JK International was the proper defendant and would have correctly named JK International as a defendant.  It maintains that as a result of Johnese's failure to exercise due diligence, she is now time-barred from adding a new defendant, and that her motion to amend should be denied based on futility.  JK also contends that Johnese has unduly delayed in filing her motion for leave to amend.

II

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S.

321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)). The district court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting leave to amend would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

When a plaintiff amends a complaint to add a new defendant, but she does so after the limitations period has expired, Rule 15(c)(3) governs. Rule 15(c)(3) pertains to an amendment that "changes the party or the naming of the party against whom a claim is asserted[.]" It "applies only in cases involving 'a mistake concerning the identity of the proper party.'" *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000) (quoting Rule 15(c)(3)(B)).

> Rule 15(c)(3) allows relation back of a change of a party only where (i) the claim or defense asserted in the amended pleading arose out of conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (ii) the party to be brought in has

>     received such notice of the institution of the
>     action that the party will not be prejudiced
>     in maintaining a defense on the merits; (iii)
>     the party to be brought in "knew or should
>     have known that, but for a mistake concerning
>     the identity of the proper party, the action
>     would have been brought against the party;"
>     and (iv) the requirements in (ii) and (iii)
>     were met within the applicable statutory
>     limitations period.

*Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 806 n.12 (5th Cir. 2006) (quotation marks omitted). To grant Johnese's motion for leave to amend, the court must determine that all elements of the four-part test are satisfied.

III

Although JK opposes Johnese's motion on various grounds, they merge into the common contention that granting leave to amend would be futile, because her claims against JK International, if it is added as a party through amendment, would be time-barred. The court must therefore address the four factors that govern whether the amendment would relate back under Rule 15(c)(3). If it would, granting leave would not be futile, and Johnese's motion should not be denied on that basis.

The first factor requires that the claim asserted in the amended pleading arise from conduct alleged in the complaint. This requirement is easily met, because the same conduct alleged in the proposed amended complaint was alleged in Johnese's complaint. The only change is the addition of JK International as a defendant.

The second factor—which requires that a newly-added defendant

receive prior notice of the claim such that it would not be prejudiced——is also met. The record reflects that JK International received sufficient notice of Johnese's complaint because it was the entity that responded to Johnese's EEOC charge. *See id.* at 5 (asserting that Johnese "was aware that [JK] International alone responded to her EEOC charge[.]"). JK International's general counsel was also present during Johnese's taking of Zimring's deposition. *See id.* at 3.

The third factor requires that the new defendant knew or should have known that it would have originally been named as a defendant, but for a mistake in identification. The court finds that this factor has been satisfied. There is substantial similarity between the names of both Jani-King entities, and JK does not dispute that JK International is, at the very least, a "subsidiar[y] or affiliated compan[y]." D. Surreply 4. The court therefore holds that JK International—-in addition to receiving prior notice—-possessed sufficient knowledge of the strong likelihood that it would be brought into the lawsuit as a defendant after Johnese learned that it was JK International with whom she interviewed for employment. It is clear from the briefing that Johnese's motion for leave to amend arises solely because she appears to have sued the wrong defendant. Indeed, she intended to sue the employer from whom she unsuccessfully sought employment. *See* P. Reply 5 ("I'm ta[l]king about whoever employs Mr.

Zimring.").

The fourth factor, which requires that the newly-added defendant possessed knowledge and notice within the relevant limitations period, is also satisfied. This is evidenced by JK International's response to Johnese's EEOC charge, which was submitted before she even filed suit.

Because Johnese has met all four factors of the Rule 15(c)(3) test, the court cannot deny her motion for leave to amend on the basis of futility, because her suit against JK International would not be time-barred. The court also concludes that her motion should not be denied based on undue delay, because the record indicates that JK International has been closely following this lawsuit and possessed prior notice and knowledge of Johnese's claims.

\* \* \*

Accordingly, the court grants Johnese's June 7, 2007 motion for leave to file a fourth amended complaint to add an additional necessary party. Johnese must file the fourth amended complaint—electronically or on paper—within five business days of the date this order is filed.

**SO ORDERED.**

August 8, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE